IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDOZ, INC., et. al., ) | |
| ) | |
| Plaintiffs, ) | Misc. No. 20-1444 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| UNITED THERAPEUTICS CORP., et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Non-party Cynthia Mazuran's ("Ms. Mazuran,") Motion to Quash and for Protective Order is denied ("Motion to Quash," Doc. 1). Ms. Mazuran objects to a subpoena issued by Plaintiff, Sandoz, Inc. ("Sandoz") to appear for a deposition and produce a copy of text messages she exchanged with any person regarding certain products related to the underlying litigation. Ms. Mazuran argues that the subpoena is unduly burdensome in violation of Fed. R. Civ. Pro. 45. Non-Party Cynthia Mazuran's Memorandum in Support of Motion to Quash Subpoena and for Protective Order, "Mazuran Mem. ISO," Doc. 3, at 5-6.

Specifically, she relies on the fact that her employer, Accredo Health Group, Inc. ("Accredo") has produced documents and data concerning the issues about which Sandoz seeks to depose Ms. Mazuran. According to Ms. Mazuran, as Accredo has already supplied documents in response to a different subpoena, a personal deposition and production of her text messages would be unduly burdensome, any testimony she would provide at a deposition would be duplicative and cumulative, and a request for her text messages is improper as she is unaware of any text message communications that would be responsive to the subpoena. Id. at 6-10.

Sandoz argues that Ms. Mazuran has failed to articulate a specific burden that would prevent her from attending a single deposition, and also notes that Accredo's production to date demonstrates the importance of Ms. Mazuran's personal knowledge and testimony that would be necessary for trial.  Memorandum of Law in Opposition to Non-Party Cynthia Mazuran's Motion to Quash Subpoena and for Protective Order ("Sandoz Opp.," Doc. 6) at 1-2.  Further, Sandoz notes that, if Ms. Mazuran does not possess any responsive text messages, then there would be no burden in responding to the subpoena.  Id. at 16.

The Court agrees with Sandoz that Ms. Mazuran has not demonstrated that she would face a specific undue burden by participating in a deposition, other than the ordinary burden of doing so, which is also minimized by Sandoz's willingness to accommodate Ms. Mazuran's schedule and to hold the deposition remotely. Sandoz Opp. at 8.  Nor does the Court find that Accredo's responses to a different subpoena affect whether attending a deposition is burdensome to Ms. Mazuran.  Further, the Court agrees with Sandoz that a 30(b)(6) deposition would not be a replacement for Ms. Mazuran's individual testimony, given that Sandoz seeks her particular knowledge about documents produced to date.  Given Ms. Mazuran's position at Accredo and her role in the underlying controversy, the Court agrees with Sandoz that Ms. Mazuran's personal knowledge and testimony can only be obtained through her deposition testimony and would not be duplicative of any documents or testimony by other witnesses.  Id. at 14-15.  Finally, the Court is unpersuaded by Ms. Mazuran's argument that, because Sandoz is able to depose another Accredo employee, that her testimony is rendered superfluous.[1]  On balance, the

---

[1] *See* Notice of Supplemental Authority, Doc. 11.  After reviewing the briefing for this nearly identical motion to quash filed by a different Accredo employee in another district, the Court does not believe that the information Sandoz seeks from Ms. Mazuran would be wholly duplicative of the testimony it will acquire from the other witness.

Court finds that Sandoz's request for a deposition is reasonable, that Ms. Mazuran's testimony will be relevant and not duplicative, and that no undue burden exists.  *See* <u>Grider v. Keystone Health Plan Central, Inc.</u>, No. 05-MC-40, at *7 (M.D. Pa. July 28, 2005) (explaining that courts generally consider issues such as the relevance, necessity and breadth of the request and the burden imposed in responding to such requests).

To the extent Ms. Mazuran argues that her text messages with other nonparty individuals are irrelevant, and further, do not exist, the Court agrees—but does not see the need to issue a protective order, as Sandoz has already represented that no production of nonresponsive documents will be required.  To the extent that Ms. Mazuran has responsive text messages with the parties that have been produced by the parties already and would be wholly duplicative in form and substance, the Court agrees that Ms. Mazuran would not need to re-produce them, consistent with Fed. R. Civ. Pro. 26(b)(2)(C)(i).

For all of the foregoing reasons, Ms. Mazuran's Motion to Quash (**Doc. 1**) is **DENIED**.

IT IS SO ORDERED.

January 22, 2021                                             s\Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record